**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIKAI NI, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   16-73218 Agency No. A206-888-683 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022**
Las Vegas, Nevada

Before:  D.M. FISHER,*** BENNETT, and KOH, Circuit Judges.

Petitioner Shikai Ni, a native and citizen of China, seeks review of a decision

of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

("IJ") denial of Ni's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

An adverse credibility determination by the BIA is reviewed for substantial evidence. *See Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149–50 (9th Cir. 1999) ("The court must uphold the BIA's findings unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result. . . ."). Under the REAL ID Act, the trier of fact, "[c]onsidering the totality of the circumstances . . . may base a credibility determination" on all relevant factors, including inconsistencies and an applicant's demeanor. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). Review of the adverse credibility determination is limited to the grounds relied upon by the BIA. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051–52 (9th Cir. 2008). This Court "accord[s] the credibility determination special deference" if the IJ gives "specific and cogent reasons." *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (citations omitted). "Where the BIA issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (citation omitted).

Substantial evidence supports the BIA's affirmance of the IJ's determination that Ni was not credible. For example, Ni testified on direct examination that he

attended an "underground" church in China without knowing that attendance was illegal. But on cross-examination, Ni conceded that he knew that his church was illegal when he joined it. Confronted with the discrepancy, Ni explained that he learned about the illegality of his church only after the police arrested him for attending that church. Ni also stated: "[W]e were [an] underground church and . . . we cannot go out to the public to spread the gospel, so I only told a few friend[s] of mine [to join the church]." But Ni conceded that he went to a local bus station to distribute fliers containing the address of the church and the church program. Confronted with this discrepancy, Ni explained that he did not consider distributing such fliers to be "spreading the gospel," and that many people handed those fliers "just toss[ed] [them] away." Ni further indicated that Chinese police beat him only on the first day of his detention. But on cross-examination, Ni claimed that he was beaten "[t]hree, four times," with the last beating occurring on the third day of his detention. Confronted with the discrepancy, Ni explained that he was beaten on multiple occasions and that the beating on the first day of his detention "was the most severe one." Ni's explanations for all three discrepancies were nonresponsive and the IJ was not required to accept them. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the IJ's unwillingness to believe [petitioner's] explanation . . . was erroneous.").

The IJ also found that "the sincerity of [Ni's] claim was . . . undercut by his

3

demeanor," finding that Ni "appeared calm and relaxed" during direct examination but "visibly nervous and upset" in cross-examination, with his answers becoming "increasingly evasive." Ni's opening brief attributes his demeanor to his inability to speak English and his "cultural and educational background" of "only a high-school education from a provincial area of China." But the IJ's evaluation of Ni's demeanor did not rely solely on his evasiveness or unresponsiveness; Ni "appeared to look directly at his attorney as if to ask for assistance" "especially when confronted with his shifting statements." Because "[t]he need for deference is particularly strong in the context of demeanor assessments," *Ling Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014), "we give special deference to a credibility determination that is based on demeanor." *Singh-Kaur*, 183 F.3d at 1151 (cleaned up).

The IJ reasoned that "[i]f . . . [Ni's] intention to come to the United States did [not] occur until he had narrowly escaped the [Chinese] authorities on December 21, 2014, then it makes little sense that the respondent would have obtained a passport [in 2013]." This finding was erroneous because, as the government states, "Ni was not given an opportunity to explain why he obtained a passport in 2013." *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) ("Because the IJ did not offer [petitioner] an opportunity to explain the inconsistencies on which [the IJ] later relied in finding [petitioner] not credible . . . , the IJ's adverse credibility finding, which was subsequently adopted by the BIA, was not supported by substantial

4

evidence."). The government does not rely on this finding for this reason. This error was harmless because the IJ's adverse credibility finding against Ni was well-supported by other grounds. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010) ("[A]s long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of the Petitioners' claims, we are bound to accept the adverse credibility findings.").

Finally, the IJ found that "[t]he details of the respondent's arrest, as recorded in his credible fear interview, also differed from his testimony" because Ni "claimed that four to five people were arrested during the raid at his underground church" but "when he was asked the same question on cross-examination, [Ni] claimed that 15-16 people were arrested that day." But as the government concedes, Ni was asked at his credible fear interview how many of his *friends* were arrested. The government does not rely on the IJ's finding "because the credible fear interview supports Ni's explanation for the discrepancy." This error was also harmless because the IJ's adverse credibility finding was well-supported by other grounds. *See Kin*, 595 F.3d at 1055.

Because Ni did not challenge the IJ's denial of CAT relief before the BIA, we may not consider any challenges to the BIA's affirmance of that decision on appeal. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Ni has also waived that issue on appeal to this Court because Ni's opening brief makes only a conclusory

allegation that he established a "well-founded fear of future persecution." *See*

*Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that issues

not discussed in the opening brief are deemed waived).

**PETITION DENIED.**